**STATE OF FLORIDA on the relation of CHARLES B. O'CONNELL v. GEORGE J. ROARK, et al.**

25 So. (2nd) 275
March 15, 1946

January Term,1946
Division B

*D. W. Berry,* for appellant.

*F. Churchill Mellen,* for appellees.

BROWN, J.:

This was a proceeding in mandamus instituted by the appellant in the Court of Record of Escambia County whereby the relator sought to have the court require the members of the Civil Service Board of Pensacola to certify the name of relator to the City Manager as the only person eligible for appointment as Second Assistant Fire Chief of said city, and to require the City Manager to appoint relator to that position. Alternative writ was issued and the respondents filed motion to quash. The facts relied upon by the relator were not materially disputed by the respondents. The case turned

upon the construction of certain language in Chapter 15425, Acts of 1931, being the Charter of the City of Pensacola, as extended and amended by Chapter 16867, Acts of 1935. The relator's application for peremptory writ was denied by the court and relator took this appeal.

Axel W. Largergreen and the appellant Charles B. O'Connell were both Captains of the Fire Department of said city on July 20, 1945. On said date there was a vacancy in the next higher rank, to-wit: Second Assistant Chief of the Fire Department; and the Civil Service Board, on the basis of seniority within the rank of Captains, named Largergreen as the one eligible for appointment to said vacancy.

Appellant propounds the question as to whether or not the court erred in construing the intention of the legislature to be that in filling this vacancy, the principle of seniority within rank, and not seniority of employment by the city, should control.

The relator had been continuously an employee of the Fire Department of Pensacola since October 1, 1919, and became a Captain in the Fire Department on July 16, 1922, but was demoted from the rank of Captain to that of driver, the next lower grade, on September 1, 1923, and remained in said lower grade until June 16, 1925, at which time he was re-instated to the rank of Captain. Largergreen became a Captain of the Fire Department on July 7, 1922, and had maintained his rank of Captain ever since his employment up to July 20, 1945, at which time he was promoted and made Second Assistant Chief of said Department. It is clear therefore that Largergreen had seniority within the rank of Captain (there being in all eight captains), but appellant claims that as he had seniority of service for the city, dating back to 1919, he should have been given the appointment to fill the vacancy.

Both relator and Largergreen were members of the Civil Service of the City of Pensacola. Chapter 15425, Acts of 1931, which is the Charter of the City of Pensacola, as extended and amended by Chapter 16867, Acts of 1935, designates certain officers and employees and classes of officers and employees, as civil servants and grants them protection against suspension, removal, demotion or reduction in pay,

except for just cause and after an opportunity to be heard. These acts also confirm such officers and employees in the respective ranks held by them on April 1, 1931. Section 90-C of Chapter 15425 and Sections 9 and 10 of Chapter 16867 require the Board of Civil Service to maintain a register and to record therein the names of all civil service officers and employees, showing their rank, period of employment and compensation.

The last clause of Section 90-c of Chapter 15425 reads as follows:

"And said persons' names and their respective rank shall be entered upon the civil service register as aforesaid, taking precedent by rank and those persons of same rank shall take precedence by seniority."

The last clause of Section 10 of Chapter 16867 reads as follows:

"Each employee's name and rank shall be entered upon the civil service register as aforesaid, taking precedence by rank, and those employees of the same rank shall take precedence by seniority."

Here we are dealing with a promotion made from an intermediate rank—that of Captain, to the next highest rank, Second Assistant Chief of the Fire Department. Section 75 of Chapter 15425, which regulates promotions, specifically provides that whenever practicable vacancies in the classified services shall be filled by promotion, and charges the Civil Service Board with the duty of indicating the lines of promotion from each lower to higher grade "whenever experience derived in the lower grade tends to qualify for the higher," and provides that any advancement in rank shall constitute a promotion. Construing this section 75 in connection with section 90-C, it would indicate that the legislature intended that seniority within the rank rather than seniority of service in city employment should govern promotions from an intermediate rank to the next highest rank. As was well said by the learned Judge of the trial court in his very able opinion accompanying his decision in this case:

"It stands to reason that the employee with the longest

period of service, that is to say the greatest experience, in the rank from which the promotion is to be made should be more qualified for the next rank of employment. And in this case the Civil Service Board, which is the agency charged under Section 75 with the duty of determining if experience derived in the lower grade tends to qualify for the higher, has in the exercise of the discretionary power granted it by said section determined that experience—the longer service—of Largergreen in the rank of captain has qualified him over the other captains for promotion to Assistant Chief. In the absence of a showing of abuse of this discretion by the Board this court would not be justified in substituting its judgment for that of the members of that Board. No such abuse has been shown."

Section 90-E of said Chapter 15425 is also strongly per-suasive of this conclusion. The Judge of the trial court ended his opinion with these words:

"Therefore, it is evident to the court from a close scrutiny of all of the provosions of the Civil Service laws which are applicable that the principle of seniority within the rank should govern and not seniority of employment with the city."

This case is not governed by the provision of Chapter 17166, Laws of 1935, as it is not made to appear that any referendum election has been held in the City of Pensacola as provided by Section 19 to 26 of said Act, the provisions of which are set forth in Chapter 174 F.S.A.

The judgment of the court below denying the application for the peremptory writ and quashing the alternative writ is accordingly

Affirmed.

CHAPMAN, C. J., THOMAS and SEBRING, JJ., concur.